UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MURPHY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1464 |
| | § | |
| MULTI-SHOT, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Robert Murphy filed this Fair Labor Standards Act ("FLSA") suit against Defendant Multi-Shot, LLC, to recover unpaid overtime for himself and other similarly situated employees. Plaintiff alleges that he regularly worked more than 84 hours per workweek and was not paid at a time-and-a-half rate for his overtime hours. Multi-Shot, LLC, has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the factual allegations in the Plaintiff's complaint are insufficient to state a claim. For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.    BACKGROUND**[1]

Defendant Multi-Shot, LLC, is an oilfield service company headquartered in Conroe, Texas. Plaintiff Robert Murphy worked for Multi-Shot as an MWD[2] operator. His duties included operating oilfield machinery, collecting data, and reporting data to his field supervisors for analysis. Multi-Shot provided his tools, set his schedule and assigned his daily tasks, which required primarily manual labor and technical skills.

---

[1] For the purposes of a motion to dismiss, the Court takes Plaintiff's factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[2] The parties do not define "MWD." The Court believes it stands for "Measurement While Drilling."

As an employee of Multi-Shot, Mr. Murphy was typically scheduled to work 84 hours per workweek, but often worked more. He was paid a base salary plus a day rate for each day he worked. He was never paid overtime at time-and-a-half for hours worked over 40. Mr. Murphy alleges that Multi-Shot, LLC, used the same "base salary plus day rate" formula to pay all of its drillers and operators, and that the company also failed to pay these employees overtime as required by law.

Multi-Shot has moved to dismiss under Rule 12(b)(6), arguing that Plaintiff has not pleaded sufficient facts to establish a claim under the FLSA. Multi-Shot also contends that Plaintiff's willfulness and collective-action allegations are insufficient.

## II.   LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual

allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

**III.   ANALYSIS**

Plaintiff's complaint is plainly sufficient to raise a plausible claim for relief under the FLSA. Unlike the cases relied on by Defendant, Plaintiff's complaint is not "merely a paraphrase" of the FLSA itself. To the contrary, Plaintiff alleges that he regularly worked 84 hours per workweek, and sometimes more, and that he was not paid time-and-a-half for those overtime hours. Those are factual allegations that, if proven, give rise to a plausible claim to relief under the FLSA's overtime provisions. *See Coleman v. John Moore Servs., Inc.*, H-13-cv-2090, 2014 WL 1671748, *1-2 (S.D. Tex. Apr. 28, 2014) (complaint sufficient where plaintiff allegedly worked 11-hour shifts six days per week without being paid overtime); *Solis v. Time Warner Cable San Antonio, L.P.*, 10-CA-0231-XR, 2010 WL 2756800 (W.D. Tex. July 13, 2010) (complaint sufficient where plaintiff alleges that employees "'routinely worked more than 40 hours per workweek, and in many workweeks in excess of 60 hours per workweek'" without being paid the overtime premium); *Hoffman v. Cemex, Inc.,* No. H–09–3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec.8, 2009); *Qureshi v. Panjwani,* No. H–08–3154, 2009 WL 1631798, at *3 (S.D. Tex. Jun.9, 2009).

Defendant suggests that Plaintiff's complaint fails because he does not allege the total amount of unpaid wages that he deserves. An FLSA plaintiff is not, however, required to plead the precise amount of unpaid wages to which he is allegedly entitled. *See Solis*, 2010 WL 2756800, at *2 (FLSA plaintiff need not prove specific instances of unpaid overtime before having access to discovery).

Next, Defendant argues that Plaintiff has not sufficiently pleaded that Defendant's

alleged FLSA violations were willful. But this challenge is premature. "FLSA plaintiffs are not required to prove willfulness prior to discovery." *Walker v. Honghua America, LLC*, 870 F.Supp.2d 462 (S.D. Tex. 2012) (internal quotations omitted). Furthermore, Plaintiff's factual allegations, if proven, would support an inference of Defendant's intent to violate the FLSA. An allegation that an employer knew that 1) an employee was working more than 40 hours per week and 2) he was paid his regular rate for the additional hours is sufficient to allege willfulness at the pleading stage. *Hoffman*, 2009 WL 4825224, at *4. Here, Plaintiff alleges that Defendant regularly scheduled him to work 12-hour shifts, seven days per week. This is sufficient to support an inference that Multi-Shot knew that he was working well over 40 hours per week without being paid at an overtime rate.

Finally, Plaintiff's collective action allegations are also sufficient at this stage. Courts in this district have routinely held that FLSA plaintiffs "need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class." *Hoffman*, 2009 WL 4825224, at *4; *see, e.g., Craven v. Excel Staffing Service, Inc.*, No. H-12-cv-2860, 2014 WL 345682 (S.D. Tex. Jan. 30, 2014). The out-of-circuit cases relied on by Defendant do not persuade the Court otherwise.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Original Collective Action Complaint is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the tenth day of September, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE