IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MURPHY, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | Case No. 4:14-cv-01464 |
| V. | § § § | |
| MULTI-SHOT, LLC | § § | COLLECTIVE ACTION |
| Defendant. | § | PURSUANT TO 29 U.S.C. §216 (b) |

**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW, Defendant, Multi-Shot, LLC, and files its Original Answer to Plaintiff's Original Collective Action Complaint (the "Complaint") as follows:

**I. ANSWER**

**A. Summary**

1. Defendant admits that Plaintiff Robert Murphy purports to bring this lawsuit under the Fair Labor Standards Act ("FLSA") on behalf of himself and other allegedly similarly situated individuals. Defendant admits that Plaintiff was not paid overtime for hours worked in excess of 40 in a workweek. Defendant admits that Defendant paid Plaintiff a base salary and daily rate. Defendant denies that this matter is proper for a collective action or that Plaintiff is similarly situated to any of the individuals he purports to represent. Defendant denies that Plaintiff, or any of the individuals he purports to represent, is entitled to any unpaid overtime wages or other damages. Defendant denies that it violated the FLSA with respect to Plaintiff or any of the

individuals he purports to represent. Defendant denies all of the remaining allegations in Paragraph No. 1 of the Complaint.

### B.  Jurisdiction and Venue

2. Defendant admits the allegations contained in Paragraph No. 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph No. 3 of the Complaint.

### C.  The Parties

4. Defendant admits that Plaintiff worked for Defendant as a MWD operator from January 2014 to April 2014. Defendant admits that Plaintiff's written consent was attached to the Complaint. Defendant denies all of the remaining allegations in Paragraph No. 4 of the Complaint.

5. Defendant denies Plaintiff is similarly situated to any of the Putative Class Members, as defined by Plaintiff, or that any of the Putative Class Members are similarly situated to each other. Defendant denies all of the remaining allegations in Paragraph No. 5 of the Complaint.

6. Defendant admits that it may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. Defendant admits that it is headquartered in Conroe, Texas. Defendant denies all of the remaining allegations in Paragraph No. 6 of the Complaint.

### D.  Coverage Under the FLSA

7. Defendant admits the allegations contained in Paragraph No. 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph No. 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph No. 9 of the Complaint.

10. Defendant denies all allegations in Paragraph No. 10 of the Complaint.

### E. Facts

11. Defendant admits the allegations contained in Paragraph No. 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph No. 12 of the Complaint.

13. Defendant admits that it employed Plaintiff as a MWD operator from January 2014 to April 2014. Defendant denies all of the remaining allegations in Paragraph No. 13 of the Complaint.

14. Defendant admits that it employed Plaintiff as a MWD operator from January 2014 to April 2014. Defendant admits that a college education was not required for the completion of Plaintiff's job. Defendant denies all of the remaining allegations in Paragraph No. 14 of the Complaint.

15. Defendant admits that Plaintiff did not receive overtime during the time he worked for Defendant. Defendant admits that Plaintiff was paid a base salary plus a day rate. To the extent this Paragraph contains legal conclusions, Defendant denies any and all such conclusions. Defendant denies all of the remaining allegations in Paragraph No. 15 of the Complaint.

### F. FLSA Violations

16. Defendant denies all allegations contained in Paragraph No. 16 of the Complaint.

17. Defendant denies all allegations contained in Paragraph No. 17 of the Complaint.

### G. Collective Action Allegations

18. Defendant is without sufficient information to admit or deny the allegations with respect to Plaintiff's alleged communications with other employees, and therefore denies same. Defendant denies all of the remaining allegations in Paragraph No. 18 of the Complaint.

HOU:0023704/00007:1738354v4

19.     Defendant is without sufficient information to admit or deny Plaintiff's allegations with respect to unidentified Putative Class Members, as defined by Plaintiff, and therefore denies same.  Defendant denies all of the remaining allegations in Paragraph No. 19 of the Complaint.

20.     Defendant denies all allegations contained in Paragraph No. 20 of the Complaint.

21.     Defendant admits that any issue of alleged damages is individual in character.  Defendant denies all of the remaining allegations in Paragraph No. 21 of the Complaint.

### H.  Relief Sought

22(a)   This paragraph contains legal conclusions and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  Defendant denies all allegations in Paragraph No. 22(a) of the Complaint and denies Plaintiff is entitled to any of the relief sought in Paragraph No. 22(a) of the Complaint.

22(b)   This paragraph contains legal conclusions and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  Defendant denies all allegations in Paragraph No. 22(b) of the Complaint and denies Plaintiff is entitled to any of the relief sought in Paragraph No. 22(b) of the Complaint.

22(c)   This paragraph contains legal conclusions and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  Defendant denies all allegations in Paragraph No. 22(c) of the Complaint and denies Plaintiff is entitled to any of the relief sought in Paragraph No. 22(c) of the Complaint.

HOU:0023704/00007:1738354v4

22(d)   This paragraph contains legal conclusions and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  Defendant denies all allegations in Paragraph No. 22(d) of the Complaint and denies Plaintiff is entitled to any of the relief sought in Paragraph No. 22(d) of the Complaint.

22(e)   This paragraph contains legal conclusions and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  Defendant denies all allegations in Paragraph No. 22(e) of the Complaint and denies Plaintiff is entitled to any of the relief sought in Paragraph No. 22(e) of the Complaint.

22(f)   This paragraph contains legal conclusions and requests for relief to which no response is required.  To the extent a response is deemed required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.  Defendant denies all allegations in Paragraph No. 22(f) of the Complaint and denies Plaintiff is entitled to any of the relief sought in Paragraph No. 22(f) of the Complaint.

## II.  AFFIRMATIVE DEFENSES

23.   Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

24.   Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

25.   Plaintiff's claims are barred, in whole or in part, by his exempt status under the executive, administrative, combination, and/or highly compensated employee29 U.S.C. § 213(a)(1); 29 U.S.C. § 213(a)(17); 29 C.F.R. §541.601; 29 C.F.R. §541.708.

HOU:0023704/00007:1738354v4

26. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, the claims of the Putative Class Members, as defined by Plaintiff, are barred, in whole or in part, by their exempt status under the executive, administrative, combination, highly compensated employee, computer professional, and/or outside sales exemptions to the FLSA, 29 U.S.C. § 213(a)(1); 29 C.F.R. §541.601, which the facts may prove applicable on an individual basis.

27. Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff and some or all Putative Class Members, as defined by Plaintiff, seek overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

28. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, the claims of the Putative Class Members, as defined by Plaintiff, are barred in whole or in part by limitations, 29 U.S.C. § 255(a).

29. Depending on the scope of the putative class, as to Plaintiff and some or all Putative Class Members, as defined by Plaintiff, the amount of any unpaid overtime was *de minimis*.

30. The claims of Plaintiff and/or some or all Putative Class Members, as defined by Plaintiff, are barred, in whole or in part, to the extent that Plaintiff and any such individuals seek compensation for activities that are preliminary or postliminary to principle work activities that are not integral and indispensable to principle work activities.

31. Defendant did not willfully violate the FLSA with respect to Plaintiff or any other individual.

32. Plaintiff is not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

33. To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

34. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

35. A class or collective action is inappropriate because Plaintiff is not similarly situated to the Putative Class Members, as defined by Plaintiff, and the Putative Class Members, as defined by Plaintiff, are not similarly situated to each other.

36. Plaintiff is not a proper representative of the purported class Plaintiff seeks to represent, and the purported class is not a class which can properly be certified in this action.

37. Collective action is inappropriate for the claims brought by Plaintiff due to the varied factual circumstances, work history, and exemptions regarding the positions, duties, and responsibilities of Plaintiff and each of the Putative Class Members, as defined by Plaintiff.

38. The claims of Plaintiff and the Putative Class Members, as defined by Plaintiff, are not proper for class certification because there are not questions of law or fact that are common to the class.

39. The claims of Plaintiff and the Putative Class Members, as defined by Plaintiff, are not proper for class certification because the claims or defenses of the representative parties are not typical of the claims or defenses of the Putative Class Members, as defined by Plaintiff.

HOU:0023704/00007:1738354v4

40. The claims of Plaintiff and the Putative Class Members, as defined by Plaintiff, are not proper for class certification because Plaintiff, as the representative party, will not fairly and adequately protect the interests of the Putative Class Members, as defined by Plaintiff.

41. The claims of Plaintiff and the Putative Class Members, as defined by Plaintiff, are not proper for class certification because the questions of law or fact that allegedly are common to the Putative Class Members, as defined by Plaintiff, will not predominate over any questions affecting only individual Putative Class Members, as defined by Plaintiff.

42. The claims of Plaintiff and the Putative Class Members, as defined by Plaintiff, are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

43. Alternatively, to the extent that Plaintiff or any of the individuals he purports to represent are owed overtime compensation, such compensation must be calculated in accord with the methods set forth in 29 C.F.R. §§ 778.112 & 778.114, and/or in accordance with the methodology described in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942).

44. To the extent sought, Plaintiff and the individuals whom he purports to represent are not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 & 260.

45. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

46. Plaintiff's claims, and those of any opt ins or and the Putative Class Members, as defined by Plaintiff, are barred, in whole or in part, by the doctrine of offset or setoff.

HOU:0023704/00007:1738354v4

47.     Plaintiff and any opt ins or and the Putative Class Members, as defined by Plaintiff, have been paid all wages to which they are entitled under federal and/or state law.

48.     Plaintiff's claims, and those of any opt ins or and the Putative Class Members, as defined by Plaintiff, are barred, in whole or in part, because any action taken in connection with their compensation was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies, including state agencies.

49.     If this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses asserted for any of the claims of Plaintiff will apply equally to all plaintiffs who join in the class.

50.     Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

### III.  CONCLUSION

WHEREFORE, Defendant, Multi-Shot, LLC, prays that the Court dismiss Plaintiff's Original Collective Action Complaint, that Plaintiff take nothing by his suit, that all relief prayed for by Plaintiff in this action be denied, that Defendant recover all costs of court and attorneys' fees incurred herein, and that Defendant have such other and further relief, general and special, legal and equitable, to which they may be justly entitled.

DATED:  September__, 2014

HOU:0023704/00007:1738354v4

        Respectfully submitted,

        LOCKE LORD LLP

        By: /s David M. Gregory
            DAVID M. GREGORY
            Texas State Bar No. 24007274
            Southern District of Texas No. 24397
            LOCKE LORD LLP
            2800 JPMorgan Chase Tower
            600 Travis Street
            Houston, Texas 77002
            (713) 226-1200 (Telephone)
            (713) 223-3717 (Telecopy)
            dgregory@lockelord.com
            ATTORNEY-IN-CHARGE FOR
            DEFENDANT MULTI-SHOT, LLC

**OF COUNSEL:**
RICHARD W. STAFF
Texas State Bar No. 18991330
Southern District of Texas No. 9754
J. MICHAEL ROSE
Texas State Bar No. 24041819
Southern District of Texas No. 36797
LOCKE LORD LLP
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Telecopy)
mrose@lockelord.com

10

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 23rd day of September 2014, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via facsimile and certified mail, return receipt requested.

Michael A. Josephson
Andrew Dunlap
Fibich, Leebron, Copeland,
 Briggs & Josephson, L.L.P.
1150 Bissonnet Street
Houston, Texas  77005

Richard J. (Rex) Burch
Bruckner Burch, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas  77046

               /s J. Michael Rose
               J. Michael Rose

HOU:0023704/00007:1738354v4