UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MURPHY, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | Docket No. 4:14-cv-01464 |
| vs. | § § § | JURY TRIAL DEMANDED |
| MULTI-SHOT, LLC | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § § | |

**PLAINTIFF ROBERTY MURPHY'S UNOPPOSED MOTION
FOR APPROVAL OF FLSA SETTLEMENT WITH MULTI-SHOT, LLC
AND STIPULATION OF CONDITIONAL DISMISSAL OF LAWSUIT**

Plaintiff Robert Murphy ("Plaintiff") files this Unopposed Motion for Approval of FLSA Settlement with Multi-Shot, LLC ("MS" or "Defendant") and Stipulation of Conditional Dismissal of Lawsuit and in support would show as follows:

**I.    SUMMARY**

Plaintiff and MS have reached a settlement of the pending unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The settlement provides current and former employees of MS who worked as MWD[1] Operators or Directional Drillers during the relevant time period with an opportunity to make a claim for unpaid overtime damages.

The FLSA settlement was the result of arm's-length negotiations, conducted by experienced counsel for all parties, after formally and informally exchanging information, engaging in substantial negotiations over several months and participated in an all-day mediation

---

[1] MWD stands for "Measurement While Drilling" and refers to an individual who utilizes a tool attached to the drill string to obtain real time information about the drilling activities taking place.

with an experienced wage and hour mediator. The terms of the settlement are reasonable and appropriate and fair to all parties involved. Accordingly, Plaintiff and MS ask the Court to approve the settlement and enter an order conditionally dismissing this lawsuit.

## II.     BACKGROUND

This is a collective action brought by Plaintiff pursuant to the FLSA. The lawsuit was filed on May 23, 2014. In the lawsuit, Plaintiff alleged that MS misclassified him as exempt and failed to comply with the FLSA by paying him a salary and a day rate and no overtime compensation. Plaintiff sought unpaid back wages for overtime hours allegedly worked, liquidated damages, pre- and post-judgment interest, and attorney's fees, expenses and costs.

MS has at all times denied any liability or wrongdoing and vigorously disputes Plaintiff's claims. MS has determined that in order to avoid the expense and expenditure of resources attendant to litigation, it was in the best interests of the company to resolve the case with Plaintiff.

## III.    SETTLEMENT

The parties now seek Court approval of their agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's compensation practices with respect to the classification of the MWD Operators, Directional Drillers and the compensation practices at issue. The settlement does not include or otherwise impact the potential FLSA claims of any other employees of MS.

### A.     HOW THE SETTLEMENT WAS REACHED

Prior to engaging in settlement discussions, Plaintiff and MS independently and thoroughly investigated the claims and defenses at issue. Additionally, the parties conducted an in-depth analysis of the potential damages, including reviewing and processing business and payroll records and conducting witness interviews. These efforts provided both parties with

great insight as to potential liability and the range of recovery at issue. Further, these efforts, coupled with each parties thorough preparation and familiarity with the facts and law surrounding the alleged misclassification, allowed both parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.

Eventually, a settlement was reached in this case through formal and informal settlement negotiations and with the assistance of William Lemons, a well-known and respected wage and hour mediator. The settlement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

After the parties reached an agreement on the settlement, the parties engaged in extensive negotiations concerning the specific terms of the settlement, the notice program and the scope of the release. Indeed it cannot be gainsaid that the settlement documents ultimately approved and executed by the parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

## B.     GENERAL TERMS OF THE SETTLEMENT AGREEMENT

The key details of the proposed settlement are described below and have been set forth in the Settlement Agreement which will be submitted to the Court for in camera review upon request by the Court. Plaintiff is not opposed to the submission of this document for in camera review and believes that MS has articulated good cause for doing so. Additionally, the parties have attached the proposed Notice and Claim forms that will be used to notify the potential class members of their right to participate in this settlement. *See* Notice of Settlement and Claim Form & Release, attached hereto as Exhibits A and B, respectively.

### 1.     Settlement Amount and Formula for Distribution

The proposed settlement obligates MS to pay a maximum settlement amount ("Maximum Settlement Amount"). From this amount, all claims, including claims for attorneys' fees and costs, administrative costs and an enhancement award for Robert Murphy will be deducted.

This is a claims-made settlement which means that only potential class members who file completed consent forms will be eligible to receive a settlement payment. Any amount of the net settlement amount which is unclaimed or unused will revert back to the Defendant following the close of the class period.

To calculate each individual's potential share of the settlement, the net settlement amount will be divided by the total number of weeks worked by each settlement class member as an MWD Operator or Directional Driller during the time period covered by the settlement. The formula is as follows:

$$\text{Net Settlement} \div \text{Total Work Weeks} = \text{Work Week Value}$$

Each individual who timely files a claim form will be entitled to receive a pro rata share of the settlement based on the weeks they worked as an MWD Operator or Directional Driller

during the relevant time period.   The formula is as follows:

<u>Total Weeks Worked x Work Week Value=Individual Settlement Amount</u>

The parties further agree that 50% of the individual settlement amount shall be subject to all withholding, liens, garnishments, withholding orders and other deductions as required by law, as payment in full compromise and settlement of all claims for alleged unpaid overtime back pay or compensation.  The remaining 50% of the individual settlement amount shall represent payment in full compromise and settlement of all claims for liquidated damages.  All of these amounts shall be paid from the Individual Settlement Amount.

### 2. The Proposed Notice Program to Administer the Settlement

In accordance with the settlement, the individuals who fall within the settlement class will receive a copy of the Notice of Settlement and the Claim Form & Release.  *See* Exs. A and B.  These documents will be mailed to the members of the class by an experienced third-party administrator. Individuals who have provided MS with an email address will also receive the claim materials by email as well.

These settlement documents explain the terms of the settlement, the scope of the release, the estimated settlement amounts and the steps which must be taken to participate.  Individuals who elect to participate in the settlement will be required to return their properly executed Claim Form & Release to the third-party administrator within sixty days from the date of mailing. Additionally the parties have agreed that the potential class members will receive a reminder, notice consisting of a postcard sent by mail only, twenty days before the expiration of the opt-in period.

Settlement checks will be issued by a third-party administrator within thirty days from the close of the opt-in period.  Class members will have 180 days to present their checks for payment.  Any unclaimed funds with revert to MS.

### 3. Scope of the Release

In exchange for compensation under the settlement, those individuals who timely return a Claim Form & Release will release MS from all state and federal wage and wage-related claims asserted or that could have been asserted in this lawsuit through the date of approval of this settlement.[2] The specific release language is set forth in the settlement agreement and the settlement documents which will be distributed by the third-party administrator. Any person who does not submit a timely and properly executed Claim Form & Release will not release any claims against MS.

### IV. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND CONDITIONALLY DISMISS THIS MATTER

The parties are now seeking Court approval of the settlement under the FLSA only. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)(requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *Camp v. The Progressive Corp, et al*, 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986)( in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

The parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial and in the best interests of all parties. As noted above, this proposed settlement was reached following the exchange of information, data and extensive negotiations. Because of the various defenses asserted by MS and the possibility that Defendant may have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related

---

[2] Robert Murphy, the named Plaintiff, will execute a General Release in exchange of his service award and his pro rata share of the settlement.

to willfulness, liquidated damages and compensation for unpaid overtime, the parties believe that the settlement represents a fair compromise of the claims. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with trial and appeal.

The parties are requesting that the Court:

(a) The Court approve this settlement, including all of the terms set forth in the settlement agreement;

(b) Sign the attached Order approving the settlement and conditionally dismiss this lawsuit subject to the filing of a final dismissal with prejudice no later than 30 days following the issuance of checks to the participating class members.

Respectfully submitted,

/s/ *Michael A. Josephson*
Michael A. Josephson
**FIBICH, LEEBRON, COPELAND,**
**BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com

Richard J. (Rex) Burch
James A. Jones
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
jjones@brucknerburch.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Mike Rose, Counsel for MS about this motion, the relief sought and the exhibits attached, and that MS is unopposed to this motion and the relief sought.

 */s/ Michael A. Josephson*
Michael A. Josephson

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2015 I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.

 */s/ Michael A. Josephson*
Michael A. Josephson